UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RODNEY SCOTT BROWN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   No. 4:25-cv-01045-JSD |
| | ) |
| PATRICIA WICKEY et al., | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on convicted and sentenced state-court prisoner Rodney Scott Brown's "Application for Writ of Habeas Corpus." ECF No. 1. For the reasons discussed below, this case will be summarily denied and dismissed under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, which also applies to habeas petitions arising under 28 U.S.C. § 2241. *See* Rule 1(b) of the Rules Governing § 2254 Cases. As a result of this dismissal, all other pending motions will be denied as moot. Finally, the Court will not issue a certificate of appealability.

### Background

**I.    Petitioner's State Court Criminal History**

Independent review of the criminal case cited in the Application on Missouri Case.net, the State of Missouri's online docketing system, indicates that Petitioner Rodney Scott Brown was charged in May 2022 with one count of tampering with a judicial officer and one count of first-degree harassment. *State v. Brown*, No. 22MA-CR00192 (41st Jud. Cir. 2022) (Macon Cnty.).[1]

---

[1] The Court takes judicial notice of these public records. *See Levy v. Ohl,* 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records).

The tampering charge stemmed from a July 2021 incident in which Petitioner threatened a judge by saying that the judge "would be met at the courthouse door with a bullet to his forehead." In November 2023, a jury found Petitioner guilty on both charges and in January 2024, he was sentenced to 17 years total. *State v. Brown*, No. 22MA-CR00192-01 (41st Jud. Cir. 2022) (Macon Cnty.). Petitioner did not file an appeal.[2]

Petitioner was allowed to represent himself in his state criminal proceeding after he refused to talk to his public defender. Petitioner raised multiple arguments in his defense that he also raises in this habeas matter. For example, in multiple hearings and filings in his state case, Petitioner argued that the court lacked jurisdiction over him. In addition, Petitioner filed an "Affidavit of Notice [of Discharge]" in his state case—also filed as an exhibit in this case—in which he claimed to discharge his debt and sentence. *See* ECF No. 1-6 (alteration in original).

## II.      Petitioner's Prior Habeas Filing in this Court

In September 2022, Petitioner initiated a § 2241 habeas action in the United States District Court for the Western District of Missouri, which was transferred to this Court. *Brown v. Wilson*, No. 2:22-cv-00071-SRC, ECF Nos. 1, 3 (E.D. Mo). In that case, Petitioner challenged his pretrial detention in *State v. Brown*, No. 22MA-CR00192-01 and *State v. Brown*, No. 22SB-CR00095-01. *Id.* at ECF No. 1. When Petitioner initiated this 2022 federal court habeas action, the criminal charges in both cases were still pending against Petitioner in Missouri courts. As a result, in January 2023, this Court denied Petitioner § 2241 relief based on *Younger v. Harris*, 401 U.S. 37 (1971), which prohibits the federal court from interfering in ongoing state judicial proceedings.

---

[2] Although not cited in the Application, Missouri Case.net also shows that Petitioner was facing similar criminal charges in a second pending case at the same time as the cited case. *See State v. Brown*, No. 22SB-CR00095-01 (41st Jud. Cir. 2022) (Shelby Cnty.). In this second case, Petitioner was also charged in May 2022 with one count of tampering with a judicial officer and one count of first-degree harassment. The tampering charge in this case stemmed from a different threat made by Petitioner against a judge; Petitioner told the Judge: "I am coming for you." After a May 2024 guilty verdict was issued by a jury in this case, Petitioner was sentenced to three years total on these charges, to run consecutively to his 17-year sentence in the first case.

2

The Court also found that Petitioner failed to exhaust his available state-court remedies before seeking relief in federal court. *Brown v. Wilson*, No. 2:22-cv-00071-SRC, ECF Nos. 5-6.

Of relevance here, Petitioner filed a 'Demand for Discharge of Debts' in that prior habeas case. *Id.* at ECF No. 4. The Demand was authored by an individual named Bonnie Straight, who claimed to be acting as a fiduciary for Petitioner. In the document, Straight asserted that a "false claim" had been "filed in commerce against the trust and [Petitioner's] living body," and that the Macon County sheriff was holding Petitioner "as surety [for] a debt." She further alleged that Petitioner had been "kidnapped," "denied bail," and "tortured in a racketeering scheme to gain securities through fraud in violation of 18 USC 1348." Along with this filing, Straight attached a ".90 silver coin as full payment for discharging all debts." Straight apparently believed that production of the coin would result in Petitioner's criminal charges being "discharged and dissolved." *Id.* at ECF No. 4 at 5. The Court in that case found that the proffered demand was frivolous, not based on any viable legal theory, and that it presented no support for the proposition that Petitioner was entitled to release under 28 U.S.C. § 2241. *Id.* at ECF No. 5 at 11.

**Petitioner's Filings in this Matter**

I.   **Application for Habeas Relief and Memorandum in Support[3]**

Petitioner's Application for a writ of habeas corpus seeks to challenge his January 2024 state court conviction which resulted in a 17-year sentence. ECF No. 1 at 1-4. Petitioner admits that he did not appeal the conviction, but he describes his "Affidavit of Notice [of Discharge]" as a post-conviction proceeding that was never ruled by the state court. *Id.* at 3-4 (alteration in

---

[3] Petitioner filed many exhibits and supplements in support of his Application in this case. *See* ECF Nos. 1-1 through 1-8, 2. In assessing whether a complaint sufficiently states a valid claim for relief, courts may consider materials that are attached to the complaint as exhibits. *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011) (citations omitted); Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

3

original). Petitioner asserts two claims for habeas relief in his Application: (1) "Misapplication of use of bonds for discharge in post-conviction relief—28 USC §2041" and (2) "Jailers use the 'tool' of solitary confinement in addition to various means of torture in violation of the 8th Amendment." *Id.* at 5-6.

As best the Court can decipher, Petitioner is claiming that he tendered proof of funds with the state court clerk and that this tender should have resulted in the discharge and dismissal of his conviction, and his release from confinement. He states that "Bonds to perform discharge were FILED with the Clerk of Court for 22MA-CR00192-01 MACON COUNTY on or about December 30, 2024, via USPS Certified Mail" and that "Funds are on deposit for backing the bonds in discharge with British Crown proof." ECF No. 1-1 at 2 ¶¶ 6-7 (emphasis in original). For proof "that the Tendered Bonds are Valid," Petitioner attached a letter and affidavit of "Sir Gary Lee" of Global Solutions Limited Company of Fort Myers, Florida, stating that he opened a Treasury Direct Account for Petitioner through his "bond processing offices in England, U.K." ECF Nos. 1-2, 1-5. Petitioner also attached his UCC Financing Statements and other Agreements purportedly establishing the "Rodney Scott Brown Trust." ECF No. 1-7.

Petitioner relies on a 1949 United States Supreme Court opinion, *Black Diamond S. S. Corp. v. Robert Stewart & Sons*, 336 U.S. 386 (1949), to support his claims. This admiralty law case dealt with the limitations on liability for a collision between two sea vessels which occurred in Belgian waters. Petitioner quotes a portion of Justice Jackson's dissent which discusses the limitation on liability for maritime ventures that is created by admiralty law. *See* ECF Nos. 2 at 3-4 & 5 at 7-8 (citing *Black Diamond*, 336 U.S. at 400). Petitioner appears to be arguing that the monetary bond filed with a petition for limitation of liability in an admiralty case, can also be applied to Petitioner's criminal case to discharge his debt or criminal conviction. *See* ECF No. 2-

4

1 at 8-9 (stating "that even charges of a criminal nature can be settled in commerce under commercial rules," "remedies in admiralty (securities and underwriting) can be applied to the other three law forms (law, equity, and maritime) to settle claims," and that "a court is a 'Privately Owned Trading Company' operating as a bank to settle controversies, causes of action, and orders distribution of proceeds for settlement.").

Petitioner also repeatedly quotes and cites 28 U.S.C. § 2041, which states: "All moneys paid into any court of the United States, or received by the officers thereof, in any case pending or adjudicated in such court, shall be forthwith deposited with the Treasurer of the United States or a designated depositary, in the name and to the credit of such court." *See* ECF Nos. 1 at 5, 2 at 1-4, 2-1 at 7, 5 at 9. According to Petitioner, pursuant to *Black Diamond* and § 2041—along with the United States Constitution's Contract Clause, an SEC Rule, and a UCC Rule—his state criminal charges have been discharged. ECF Nos. 1-1 at 2 ¶ 8, 2 at 1-4.

Furthermore, because his charges allegedly have been discharged, Petitioner argues that his continued confinement is excessive incarceration in violation of the Eighth Amendment's right to be free of cruel and unusual punishment. ECF Nos. 1-1 at 3, 2 at 1. For relief, Petitioner seeks release "as soon as possible for excessive incarceration" and he would like his probation terminated. ECF No. 1 at 7.

Finally, Petitioner states that "every time" he "attempts to file a brief, obtain outside counsel, [or] discharge the charges, he is labelled a 'sovereign citizen,' and his pleadings are disregarded as frivolous." ECF No. 1 at 6. Petitioner admonishes the Court to "NOT confuse 'black letter law' with the concept of the 'sovereign citizen' movement" because "[t]hey do not mix." ECF No. 2-1 at 1. He asks the Court to "ensure" that he is "noted as operating in Propria

Persona[4] and not Pro Se status." *Id.* at 2.  Furthermore, Petitioner states that "[a]s a result of … excessive incarceration, [he] became a Secured Party Creditor, Holder-in-Due-Course, [and] Principal Owner to the RODNEY SCOTT BROWN Estate" and that "Petitioner holds immunity to/from the local United States/States legislative jurisdiction post discharge." ECF No. 3-1 at 3.

## II. Petitioner's Other Requests for Relief

Petitioner filed multiple additional requests for relief in this case.  ECF Nos. 3-5, 7.  In his "Application for Order to Show Cause RE Temporary Restraining Order Why a Permanent Injunction Should Not Issue and the Discharge should not be honored for Confinement Release," Petitioner requests an Order from the Court directing the State of Missouri to immediately respond as to why they failed in their duty "to issue a document" of "zero balance due" and "release Petitioner from excessive incarceration." ECF No. 3 at 2.  Petitioner also wants the State to admit that it has restrained his right to travel.  *Id.* at 2-3; *see also* ECF Nos. 3-1, 3-2, 6 at 6-9.

In his "Motion for Order Shortening Time for Hearing for Order to Show Cause and Temporary Restraining Order, etc.," Petitioner seeks an "immediate hearing" on his request for an Order to Show Cause.  ECF No. 4 at 2; *see also* ECF Nos. 4-1, 6 at 1-2.  Petitioner states that he will be irreparably damaged "in [his] commercial and legal relations" without an immediate hearing.  ECF No. 4-1 at 1-2.

In his "Petition to Supersede and Retire all previous Bonds and Release Petitioner," Petitioner "declares his 'person' to be 'stateless person' and outside any/all general jurisdiction of the federal government," and that the United States has been "placed on Public Notice via the commercial registry" that he has "discharged" his original United States birth certificate.  ECF No. 5 at 1-2.  Given the alleged lack of jurisdiction over him, Petitioner states that his filing constitutes

---

[4] "In propria persona," translated from Latin, means "in one's own person."  Black's Law Dictionary (12th ed. 2024).

6

a "special appearance" to petition the Court "to setoff and retire all previous bonds … and turnover any and all claims to Rodney Scott Brown." *Id.* at 2.  Petitioner provides further explanation of his legal rationale for why his tendered bonds should result in his immediate release from confinement.  *Id.* at 3-10.

Finally, Petitioner filed an "Affidavit Regarding Entry of Default Against Respondents or, in the alternative Declaratory Judgement," which asks the Court to enter default judgment against the Respondents for failing "to answer, respond, or object" to the Application.  ECF No. 7 at 2.

**Discussion**

Based on a careful review and liberal construction of Petitioner's filings, the Court finds that this case must be summarily dismissed because it plainly appears that Petitioner is not entitled to habeas relief.  Despite Petitioner's arguments and citations in alleged support, there is no legal basis for finding that Petitioner can tender a financial bond, declare himself discharged from his state court criminal conviction and sentence, and then seek immediate release for illegal confinement based on an alleged Eighth Amendment violation.  Petitioner cannot avoid serving his criminal sentence through the payment of a financial bond.  Furthermore, even if Petitioner's arguments had some legal merit, he would have had to exhaust these arguments in state court before bringing them to this Court in the form of a habeas petition.  For these reasons, the Application before the Court will be denied and dismissed, and no certificate of appealability will issue.

**I.   Legal Standard**[5]

---

[5] The title of the Application suggests Petitioner seeks habeas relief under 28 U.S.C. § 2241, but in one of Petitioner's motions he refers to the Application as seeking relief "pursuant to Title 28 USC §2254." ECF Nos. 1 at 1, 5 at 9. Where a petitioner brings a "claim related to the manner in which the sentence is being executed, as opposed to the legality of the sentence … [s]uch a claim is properly cognizable in a habeas corpus petition under section 2241." *U.S. v. Clinkenbeard*, 542 F.2d 59, 60 (8th Cir. 1976).  On the other hand, a prisoner's general challenge to the validity of his confinement or to matters affecting its duration falls within the province of habeas corpus under 28 U.S.C. § 2254.

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides, "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 also applies to habeas petitions arising under 28 U.S.C. § 2241. *See* Rule 1(b) of the Rules Governing § 2254 Cases (stating that the "district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)").

## II.   Demand for Discharge is Frivolous

Petitioner seeks immediate release from state court confinement based on the argument that he tendered proof of funds by filing a bond[6] with the state court clerk in December 2024 and, because of that tender, his criminal conviction and sentence were discharged. Petitioner argues that his Eighth Amendment right to avoid cruel and unusual punishment has been violated by his continued, illegal confinement. Petitioner cites language from a dissent in a Supreme Court opinion, federal statutes, the U.S. Constitution, SEC Rules, and UCC Rules to support his legal argument.

The Court finds Petitioner's argument frivolous and lacking in legal merit. Petitioner's reliance on the dissent in a 1949 admiralty case to argue that his criminal conviction can be discharged with a monetary bond is unpersuasive and misplaced. Petitioner's various legal citations do not come together to provide support for the conclusion that Petitioner is being unconstitutionally held by the State of Missouri. Petitioner was found guilty by a Missouri jury and sentenced to 17-years confinement. That conviction and sentence cannot be discharged with

---

*Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Although it is not clear that Petitioner brings this case under the proper habeas statute, it does not change the Court's analysis, as Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts applies to both types of habeas cases.

[6] The Court will not discuss the questionable validity of these tendered bonds because, regardless whether the bonds are legitimate, their tender does not result in discharge of Petitioner's state-court conviction and sentence.

8

a financial bond. Unless and until Petitioner's conviction and sentence are overruled, expunged, or called into question by the issuance of a writ of habeas corpus, there is no evidence that his state court confinement is unconstitutional.

Although Petitioner suggests the Court should not consider him a sovereign citizen, many of his arguments are based on the same legal theories espoused by sovereign citizens. "Sovereign citizens are a loosely-affiliated group who believe government in the United States operates illegitimately and outside the bounds of its jurisdiction." *Waters v. Madson*, 921 F.3d 725, 732 n.4 (8th Cir. 2019); *see also United States v. Barraza*, 982 F.3d 1106, 1113 n.3 (8th Cir. 2020).

Courts have found common sovereign citizen arguments to be frivolous, including the belief that they are secured-party creditors who are not subject to the jurisdiction of the courts. *See, e.g., United States v. Simonson*, 563 F. App'x 514 (8th Cir. 2014) (stating that appellants' argument "that they are special, sovereign citizens" was frivolous); *United States v. Hardin*, 489 F. App'x 984, 985 (8th Cir. 2012) (rejecting as meritless appellant's challenges to the district court's jurisdiction based on his status as a sovereign citizen); *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) (collecting cases rejecting claims of individual sovereignty including claims of a "sovereign citizen," a "secured-party creditor," and a "flesh-and-blood human being"); *United States v. Hart*, 701 F.2d 749, 750 (8th Cir. 1983) (stating that appellant's assertion that federal courts "have no civil jurisdiction over a sovereign citizen" was frivolous).

Courts have also routinely denied sovereign citizen claims based on an unfettered right to travel. *See, e.g., Hyppolite v. Broward Sheriff's Off.*, No. 16-6125, 2017 WL 2691978 (S.D. Fla. June 22, 2017) (rejected argument of plaintiff pulled over for speeding who claimed that as a "traveler" he did not need a driver's license); *Secor v. Okla.*, No. 16-CV-85, 2016 WL 6156316 (N.D. Okla. Oct. 21, 2016) (dismissed sovereign-citizen plaintiff's suit that included allegations

that he was not required to have a driver's license and automobile insurance); *Matthews v. U.S.*, No. 3:16cv00148, 2016 WL 2624974 (S.D. Ohio May 9, 2016) (dismissed "sovereign freeman" plaintiff's claims that arose from a traffic stop resulting in multiple citations including driving with an expired driver's license).

Despite Petitioner's rejection of the sovereign citizen label, he asserts many common sovereign citizen arguments, including denying court jurisdiction over him, arguing his right to travel has been violated, labeling himself a secured-party creditor, referring to himself as a 'state-less person' and naming himself as a trust, and discharging his U.S. birth certificate.  Just as the Eighth Circuit has found the arguments of sovereign citizens to be "completely without merit, patently frivolous, and … rejected without expending any more of this Court's resources on their discussions," this Court finds Petitioner's arguments here to be plainly without merit.  *See United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992).  This finding is consistent with the Court's ruling and dismissal of Petitioner's prior § 2241 habeas petition before this Court.  *See Brown v. Wilson*, No. 2:22-cv-00071-SRC, ECF Nos. 5 at 11.

### III.     Claims were not exhausted

Furthermore, even if Petitioner presented some valid legal argument for habeas relief to this Court, his Application would still be subject to dismissal because he has not exhausted state court remedies.  Under 28 U.S.C. § 2254(b)(1), a state court prisoner seeking a writ of habeas corpus must first "exhaust[] the remedies available in the courts of the State."  According to the United States Supreme Court, "[t]he exhaustion requirement of § 2254(b) ensures that the state courts have the opportunity fully to consider federal-law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment." *Duncan v. Walker*, 533 U.S. 167, 178-79 (2001) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).

10

Comity in our dual system of government "dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief." *O'Sullivan*, 526 U.S. at 844. This exhaustion requirement applies here, as Petitioner is a convicted and sentenced state court prisoner.[7]

In this case, according to Missouri Case.net, Petitioner did not file an appeal of his conviction and sentence in state court. Court records indicate that Petitioner did file a "Affidavit of Notice [of Discharge]" in November 2024 and a "corrected" Affidavit in December 2024, in his state court case. *State v. Brown*, No. 22MA-CR00192-01 (41st Jud. Cir. 2022) (Macon Cnty.). Along with these Affidavits, Petitioner filed an "Affidavit of Truth," a "Letter to US Treasury regarding Title 28 USC 2041 discharge as it applies to the Clerk of Court of a mandatory fiduciary DUTY," an IRS "Notice Concerning Fiduciary Relationship," a UCC Financing Statement, a "Copy of Discharged Birth Certificate," and a "Copy of Discharged Bonds." Petitioner appears to have filed these documents to support the same arguments made in his habeas Application here: that the tendering of bonds should result in his release from state court confinement. Based on the docket sheet, the state court did not construe any of Petitioner's filings as motions seeking relief, and therefore, did not make any rulings or findings based on these arguments. And, again, as Petitioner did not appeal his state-court conviction, there is no indication that Petitioner ever presented these arguments to any higher state court.

---

[7] Although Petitioner titles his Application as seeking relief under § 2241, "[i]n discussing exhaustion in the habeas corpus context," exhaustion is required "in the post-trial setting." *See Dickerson v. State of La.*, 816 F.2d 220, 225 (5th Cir. 1987). Furthermore, although the language of 28 U.S.C. § 2241 does not contain an exhaustion requirement, "a petitioner seeking relief from state custody by means of a federal writ of habeas corpus is ordinarily required to exhaust his state remedies." *Sacco v. Falke*, 649 F.2d 634, 635-36 (8th Cir. 1981) (citing *Ex Parte Royall*, 117 U.S. 241 (1886)); *see also Dickerson*, 816 F.2d at 225 (collecting cases and stating that "federal courts should abstain from the exercise of [§ 2241] jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner").

11

Petitioner's filings in his state court matter, without any appeal or attempt to seek relief from a higher court, do not constitute adequate exhaustion of his state remedies. Petitioner must present his grounds to the state courts before pursuing a writ of habeas corpus from this federal Court. This is especially relevant here, as Petitioner is arguing that State of Missouri employees failed "to perform their 'known legal duty.'" ECF No. 3 at 2. A Missouri state court is entitled to rule on this argument before it is presented to this federal court.

## IV.     Certificate of Appealability

Even though Petitioner seeks relief under 28 U.S.C. § 2241, "as a state prisoner he is subject to the provisions governing 28 U.S.C. § 2254," and "must obtain a certificate of appealability." *Carmona v. Minn.*, 23 F. App'x 629, 630 (8th Cir. 2002). "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from … the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court." 28 U.S.C. § 2253(c)(1)(A).

In order to issue a certificate of appealability, the Court must find a substantial showing of the denial of a federal constitutional right. 28 U.S.C. § 2253(c)(2). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Because Petitioner has not made such a showing, the Court will not issue a certificate of appealability.

## Conclusion

Petitioner's asserted grounds for habeas relief are frivolous and lacking in legal merit. Moreover, Petitioner has not exhausted his state remedies before seeking relief from this federal court. As it plainly appears that Petitioner Rodney Scott Brown is not entitled to relief, the Court

12

must dismiss his Application for a writ of habeas corpus.  Finally, a certificate of appealability will not issue.

Accordingly,

**IT IS HEREBY ORDERED** that the Application for Writ of Habeas Corpus [ECF No. 1] is **DISMISSED** without prejudice.  A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that Petitioner's 'Application for Order to Show Cause RE Temporary Restraining Order Why a Permanent Injunction Should Not Issue and the Discharge should not be honored for Confinement Release' [ECF No. 3] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Petitioner's 'Motion for Order Shortening Time for Hearing for Order to Show Cause and Temporary Restraining Order, etc.' [ECF No. 4] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Petitioner's 'Petition to Supersede and Retire all previous Bonds and Release Petitioner' [ECF No. 5] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Petitioner's 'Affidavit Regarding Entry of Default Against Respondents or, in the alternative Declaratory Judgement' [ECF No. 7] is **DENIED** as moot.

**IT IS FINALLY ORDERED** that the Court will not issue a certificate of appealability.

Dated this 19th day of November 2025.

_____
CRISTIAN M. STEVENS
UNITED STATES DISTRICT JUDGE